## GRANTHAM v. GRANTHAM.

1. WIFE'S EARNINGS—GIFT—RESULTING TRUST.—Where a husband, free of debt, permitted his wife's wages to accumulate in her employer's hands for the purpose of purchasing a home for her, it was an executed gift by the husband to the wife of these her earnings; and when he subsequently drew this money and purchased with it a lot of land, taking title in his own name, a trust resulted in his wife's favor.

Before FRASER, J., Sumter, November, 1890.

The Circuit decree upon the points involved in the appeal was as follows:

This case was heard by me at the term of the court held in November, 1890. It was an action for partition of certain lands

described in the complaint, to confirm a partition heretofore made as to a portion of them, and also to declare a trust as to one other parcel.

Upon a careful consideration of the testimony, I am satisfied that as to this latter parcel, that described in paragraph 5 of the complaint, the same was purchased by James Grantham, the intestate, with money which belonged to his wife, who is now the plaintiff. It is true that the money, being her earnings as wages, at law were his own to do with as he pleased, and there is no direct testimony as to any delivery of the money to her. Title to property, while depending in great measure on question of law, is a question of fact. There were so many admissions by the intestate in his life time that this money, which was paid for the land, was the property of the wife, that a jury or this court is bound to infer that all necessary formalities had been observed as to delivery, either actual or constructive. The land having been paid for with the money of the wife, and the testimony showing clearly that no subsequent gift to the husband was intended, there was a constructive trust in her favor.    *    *    *

It is also ordered that there is a resulting trust in favor of plaintiff in the tract of land described in paragraph 5 of the complaint, and that the master do execute title to her for the same upon the payment of his fees of office therefor.

Defendants appealed on the following grounds :

1. Because his honor erred in holding that the tract of land described in the fifth paragraph of the complaint was bought with the money of the plaintiff.

2. Because his honor erred in holding that from the admission made "by the intestate in his life-time that this money which was paid for the land was the property of the wife, that a jury or this court is bound to infer that all necessary formalities had been observed as to delivery, either actual or constructive. The land having been paid for with the money of the wife, and the testimony showing clearly that no subsequent gift to the husband was intended, there was a constructive trust in her favor."

3 Because his honor erred in decreeing a resulting trust in favor of the plaintiff in the tract of land described in the fifth

paragraph of the complaint, and in ordering the master to execute titles to her for the same.

*Messrs. Blanding & Wilson,* for appellants.

*Messrs. Haynsworth & Cooper,* contra.

September 19, 1891. The opinion of the court was delivered by

MR. JUSTICE MCIVER. James Grantham, the elder, died some time in 1881 intestate, seized and possessed of some real estate, leaving as his heirs at law his widow, the plaintiff herein, and two children, James Grantham, one of the defendants herein. and Julia Ann Diggs, who died in 1887, leaving eleven children, who are the other defendants herein, and this action was commenced in May, 1890, for the partition of said real estate.

The only question presented by this appeal is as to whether a certain lot in the city of Sumter, described in the complaint, constituted a part of the real estate of the said intestate, the plaintiff claiming that it belongs to her individually, and the defendants claiming that it constituted part of the real estate of intestate, and as such is subject to partition amongst his heirs at law. The facts seem to be undisputed, and are substantially as follows: The intestate, James Grantham, and his wife Elizabeth, were both in the employment of the late Judge Moses, and while the intestate was in the habit of drawing his own wages, those of his wife were allowed to remain in the hands of the Judge. On the 3rd of May, 1873, Martha E. McCoy executed a conveyance of the lot in question to the intestate, wherein it was recited that it was in consideration of the sum of forty-five dollars paid by him to her, but the plaintiff claims that this money was hers, and therefore contends that there is a resulting trust in her favor in the said lot. The testimony leaves but little, if any, doubt, that the lot was paid for with the wages of the wife which had been allowed to accumulate in the hands of Judge Moses, and drawn from him by the intestate for the purpose of paying for the lot, and, but for the marital relation existing between the parties, these facts would be sufficient to raise a resulting trust in favor of the plaintiff

It is contended, however, that under the law as it then stood, the earnings of the wife belonged to the husband, and therefore, though the money used in paying for the lot was derived from the wages of the wife, it was in law the money of the husband, and hence there was no resulting trust. While it is quite true that, as the law then stood, the earnings of a married woman, derived from her personal services, belonged exclusively to the husband, yet there was nothing to prevent the husband from making a gift to his wife of her earnings, provided this was done without detriment to the claims of the husband's creditors, of whom there does not appear to be any in this case. So that the real inquiry in this case is, whether the intestate had given his wife's wages to her, and whether, when he drew them, he was not acting simply as her agent. This is a question of fact which has been determined adversely to the appellants by the Circuit Judge, and we think his conclusion is most abundantly sustained by the testimony set out in the "Case." From that it appears that the wife's wages were allowed to accumulate in the hands of her employer for the express purpose of providing a fund for the purchase of a home for her. The intestate, both before and after the purchase, always spoke of the money as his wife's, and never upon any occasion spoke of it or claimed it as his own, and it could not have been hers except by a gift from her husband, and hence the inference that he had given it to her is irresistible.

As the counsel for respondent well puts it, suppose he had drawn his wife's wages every month and deposited the money in bank to her credit, what higher evidence could be needed of a gift from him to her? And when, instead of doing this, he left her wages from month to month in the hands of Judge Moses, declaring his purpose in doing so, he practically deposited his wife's monthly wages from time to time with the Judge for her benefit, instead of drawing them every month for his own use, as he might have done, and he thereby just as unmistakably made a gift to his wife as if he had drawn the money and deposited it in bank to her credit. The fact that when the purchase was made, the title was taken in the name of the husband is not sufficient to overcome the undisputed evidence of his declarations made both before and after the purchase that the property was paid for

with his wife's money; for, in the first place, that might have arisen from ignorance or some other cause; and, in the second place, if he had already given the money to his wife, he could not afterwards recall the gift without her consent, of which there is not the slightest evidence. We do not think, therefore, that there was any error on the part of the Circuit Judge in concluding that the property was paid for with the money of the wife, and hence a resulting trust arose in her favor.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.